ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Anne-Marie Alward
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

_____

## In the
## Indiana Supreme Court

FILED
Sep 03 2008, 11:01 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 27S04-0805-PC-226

RODERICK LEE,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

_____

Appeal from the Grant Circuit Court, No. 27C01-0302-PC-1
The Honorable Mark E. Spitzer, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 27A04-0705-PC-257

_____

**September 3, 2008**

**Boehm, Justice.**

Multiple convictions do not violate Indiana's Double Jeopardy Clause if they logically could have been based on the same facts, but in light of the evidence, the instructions, the charges, and the argument of counsel, there is no reasonable possibility that the jury actually used exactly the same set of facts to establish both convictions.

**Facts and Procedural History**

Roderick Lee was convicted of burglary and attempted armed robbery and sentenced to consecutive twenty-year terms on each count. On direct appeal, the Court of Appeals affirmed Lee's convictions and sentences. Lee v. State, No. 27A05-0110-CR-452 (Ind. Ct. App. June 4, 2002), trans. denied. Lee sought post-conviction relief, claiming that he received ineffective assistance of counsel at trial and on appeal because his attorney, who represented him at both stages, did not argue that Lee's convictions violated Indiana's Double Jeopardy Clause under the "actual evidence" test articulated in Richardson v. State, 717 N.E.2d 32 (Ind. 1999). The post-conviction court denied relief, finding that Lee's convictions did not violate the actual evidence test, and because there was no violation, the attorney's failure to raise the issue was not ineffective assistance. A majority of the Court of Appeals affirmed, but on different grounds. Lee v. State, 880 N.E.2d 1278 (Ind. Ct. App. 2008). The Court of Appeals concluded that Lee's convictions violated a "relaxed" but not a "literal" application of the actual evidence test. Id. at 1283–84 & n.3. However, the Court of Appeals further concluded that his attorney's failure to raise the double jeopardy issue was not deficient performance because case law before sentencing inconsistently applied the relaxed and literal applications, and case law before direct appeal, particularly Spivey v. State, 761 N.E.2d 831 (Ind. 2002), favored the literal application. Lee, 880 N.E.2d at 1284–86. Judge Kirsch dissented, reasoning that Lee's convictions did not constitute double jeopardy under the actual evidence test. Id. at 1286–87. We granted transfer.

**Standards of Review**

In post-conviction proceedings, the defendant bears the burden of proof by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. McManus, 868 N.E.2d 778, 790 (Ind. 2007) (citation omitted). Failure to satisfy either prong will cause the claim to fail. Henley, 881 N.E.2d at 645. Therefore, if we can dismiss an ineffective assistance claim on the prejudice prong, we need not address whether counsel's performance was deficient. Id.

# Indiana Double Jeopardy

Article I, Section 14 of the Indiana Constitution provides that "No person shall be put in jeopardy twice for the same offense." In Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999), this Court developed a two-part test for Indiana double jeopardy claims, holding that

> two or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

Burglary and attempted armed robbery each contain an element not shared by the other. Lee therefore does not contend that his convictions and sentences violate the "statutory elements" test, which is substantially equivalent to the "same elements" test used in federal double jeopardy analysis under Blockburger v. United States, 284 U.S. 299 (1932).

Lee contends that his convictions and sentences violate the "actual evidence test," an analysis not required by the federal constitution. We first articulated this method of double jeopardy analysis in Richardson.

> Under this inquiry, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

717 N.E.2d at 53. Spivey v. State explained further that

> The test is *not* merely whether the evidentiary facts used to establish *one* of the essential elements of one offense may also have been used to establish *one* of the essential elements of a second challenged offense. In other words, under the Richardson actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense.

761 N.E.2d 831, 833 (Ind. 2002).

Application of this test requires the court to "identify the essential elements of each of the challenged crimes and to evaluate the evidence from the jury's perspective . . . ." Spivey, 761 N.E.2d at 832. In determining the facts used by the fact-finder to establish the elements of each

offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel. Id., 761 N.E.2d at 832 (Ind. 2002); Richardson, 717 N.E.2d at 54 n.48.

Lee was convicted of burglary and attempted armed robbery as B felonies. For the burglary conviction, the State was required to establish that Lee, (1) knowingly or intentionally, (2) broke and entered a building, (3) with the intent to commit a felony, and (4) either (a) was armed with a deadly weapon, or (b) the building was a dwelling.[1] For attempted armed robbery, the State needed to establish that Lee, (1) while armed with a deadly weapon, (2) took a substantial step toward the commission of, (3) knowingly or intentionally, (4) taking property from another person or from the presence of another person, (5) either by (a) using or threatening the use of force, or (b) putting a person in fear.[2]

The evidence presented at trial indicated that on the evening of September 26, 2000, Dell Riley and her ten-year-old daughter, Ashley, were at their home in Marion, Indiana. Ashley was upstairs in her bedroom when Dell heard a knock at the door. When Dell opened the door, Lee and two others barged into the home, repeatedly pointed guns at her, threatened her, and demanded money. After Ashley heard the noise and came downstairs, Lee continued to threaten Dell and demand money. While Lee was looking through Dell's purse, Dell and Ashley escaped safely through the back door and called the police. This evidence boils down to four facts: Lee barged into the home, had a gun, made threats, and demanded money.

These facts can properly support both convictions. Burglary is supported by the barging into a home (intentional breaking and entering into a dwelling); demanding money (intent to commit a felony); and possession of a gun (armed with a deadly weapon). Attempted armed robbery is established by possession of the gun (armed with a deadly weapon); the threats or de-

---

[1] Indiana Code section 35-43-2-1 defines Class C felony burglary as the breaking and entering of a building or structure of another person with the intent to commit a felony in it. Burglary is enhanced to a Class B felony if it is committed while armed with a deadly weapon or the building or structure is a dwelling. The State charged Lee with Class B burglary, alleging both enhancing facts.

[2] Indiana Code section 35-42-5-1 defines robbery as a Class C felony and enhances the offense to a Class B felony if it is committed while armed with a deadly weapon. Indiana Code section 35-41-5-1 defines attempt: "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted."

mands for money (substantial step to take property); the threats or demands (the mens rea); and the threats (putting another in fear). We have held that Indiana's Double Jeopardy Clause requires charges to be prosecuted "in a manner that insures that multiple guilty verdicts are not based on the same evidentiary facts." Richardson, 717 N.E.2d at 53 n.46. Lee points out that the barging into the house could, as a logical matter, satisfy both the breaking and entering of burglary and the substantial step required for attempted armed robbery. Thus, if there is a reasonable possibility that the jury used the fact of Lee's barging into a residence—instead of the threats and demands for money—to establish the substantial step and mens rea elements of attempted armed robbery, both convictions cannot stand because the facts establishing attempted armed robbery—possession of a gun, barging into a home, and making threats—would also establish burglary.

Since Richardson, this Court has decided several cases where there were separate facts to support two convictions, but the case was presented in a way that left a reasonable possibility that the jury used the same facts to establish both. For example, in Bradley v. State, 867 N.E.2d 1282 (Ind. 2007), the defendant was charged with confinement and aggravated battery arising out of a domestic dispute in which he stabbed his wife and also pinned her over a toilet and repeatedly struck her head with a hammer. The jury could have found that the stabbing supported the aggravated battery and the hammer injury supported confinement. However, because the charges listed both the hammer injury and the knife wound as facts supporting aggravated battery, we found there was a reasonable possibility that the jury may have used the hammer injury to support both charges, and the convictions violated double jeopardy. Similarly, we have found double jeopardy violations when the facts supporting a first crime are offered in the charges or jury instructions as the only "overt act" to prove a second conspiracy charge, even if other facts proving a conspiracy were presented at trial. Guffey v. State, 717 N.E.2d 103, 107 (Ind. 1999) (finding violation when facts of providing handgun and serving as lookout were offered for the aiding commission of armed robbery charge, and also charged as the only overt acts for conspiracy to commit armed robbery, despite evidence of other overt acts); Lundberg v. State, 728 N.E.2d 852, 855 (Ind. 2000) (finding violation where jury was instructed that murder was the only overt act supporting conspiracy to commit murder, despite evidence of other overt acts).

On the other hand, we have not found a double jeopardy violation when the fact supporting a first charge could theoretically have served as the overt act of a conspiracy charge, but the jury was instructed on additional facts supporting an overt act. For example, in Redman v. State, 743 N.E.2d 263 (Ind. 2001), the defendant and others were charged with confinement and conspiracy to commit murder after they forcibly abducted a mentally retarded woman, confined her in an attic for several days, forced her to engage in multiple sexual acts, and ultimately killed her and disposed of her body. The jury was instructed that "overt acts" supporting the conspiracy included abduction, confinement, rape, and disposal of the body. The defendant argued that his convictions violated double jeopardy because the jury could have used the fact of abduction to support both the confinement and conspiracy. We rejected this argument, finding that the possibility that the jury relied on the abduction to support the overt act element was "remote and speculative" in light of the "extended evidence of the protracted criminal episode, the State's closing argument, and the court's instructions which clearly authorized any one of several bases for finding the overt act element." Id. at 268. See also Griffin v. State, 717 N.E.2d 73, 88–89 (Ind. 1999) (finding that although the completed robbery could have served as the overt act supporting conspiracy to commit robbery, the jury was also instructed on facts of "substantial advance preparation" for the robbery that more likely served as the overt act).

These precedents instruct that a "reasonable possibility" that the jury used the same facts to reach two convictions requires substantially more than a logical possibility. This does not reflect a "literal" or "relaxed" application of the actual evidence test. Rather, "reasonable possibility" turns on a practical assessment of whether the jury may have latched on to exactly the same facts for both convictions. See Griffin, 717 N.E.2d at 89 ("To establish that two offenses are the same offense under the actual evidence test, the possibility must be reasonable, not speculative or remote."). Here, the jury was presented with detailed and distinct facts supporting attempted armed robbery beyond Lee's barging through the front door. Dell Riley testified to Lee's numerous threats and demands for money after he and his companions had barged into her home. The charging information alleged that Lee "did engage in conduct that constituted a substantial step toward the commission of robbery by entering Dell Riley's residence . . . displaying a silver handgun and making threats to kill Dell [R]iley and her daughter—Ashley Bracey, if Riley did not give him and his companions money." The jury instructions restated these charges. In closing argument, the prosecutor stated, "I have to prove that they took a substantial step in, in at-

6

tempting to rob Dell.  Obviously, they took a substantial step.  They barged into her home.  They had a gun.  They threatened and they used a gun and put her in fear, her and Ashley."  The jury's convictions on both counts reflect the practical reality noted by the post-conviction court and by Judge Kirsch's dissent:  the burglary was complete when Lee barged into the home, but the attempted armed robbery was just beginning.  The barging may have been one substantial step, but the threats and pointing the gun were the subject of much lengthier and essentially indisputable testimony.

In this case, the post-conviction court found that "it is particularly likely" that the jury used the breaking and entering to establish the burglary and the threats to convict of attempted armed robbery.  This likelihood was based on the fact that the prosecutor highlighted these specific facts as she reviewed the elements of each crime in her closing argument.  Factual findings of the post-conviction court are subject to review under a clearly erroneous standard except when they are based entirely on a paper record.  See Moshenek v. State, 868 N.E.2d 419, 424 (Ind. 2007) (citing Houser v. State, 678 N.E.2d 95, 98 (Ind. 1997)).  Even under the de novo standard applicable here, we agree with the post-conviction court that the threats, not the barging, were in all likelihood the focus of the attempted armed robbery.

Unlike Guffey, the instructions in this case did not limit an element of one crime to the acts constituting a second charged crime.  The case is also unlike Bradley, where the jury was instructed that either a stabbing or beating with a hammer could support aggravated battery, but the evidence of the hammer incident supporting confinement was extensive and would leave a strong impression on the jury.  Rather, here, as in Redman, there was "extended evidence of a protracted criminal episode," and the prosecution emphasized the evidence that was distinct to each crime.  As a practical matter, there is no reasonable possibility that Lee's jury used only the barging into the home and ignored the extensive testimony of threats, etc. inside the home as substantial steps toward taking property.

We note that more deliberate prosecution of multiple offenses would avoid these double jeopardy problems.  Had the charges, instructions, and closing argument cited the fact of barging into the home as to the burglary alone, and the threats and demands as to the attempted armed

7

robbery, there would be no double jeopardy question, and the trial and appellate courts would not have been required to assess the degree of likelihood of overlapping convictions.

Because we find that Lee's convictions do not violate Indiana's Double Jeopardy Clause, Lee was not prejudiced by his attorney's failure to raise the issue. He has therefore failed to establish ineffective assistance of counsel.

**Conclusion**

The post-conviction court's denial of Lee's petition for relief is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.