Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BERNICE A. N. CORLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BAKARI EDWARDS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 49A02-1111-CR-1006 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theresa Hall, Commissioner
Cause No. 49F24-1010-FD-82344

**June 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Bakari Edwards ("Edwards") was convicted of Class D felony obstruction of justice, Class A misdemeanor possession of marijuana, and driving while suspended as an infraction. Edwards appeals his convictions and raises two issues:

I. Whether his convictions for obstruction of justice and possession of marijuana violate double jeopardy principles; and,

II. Whether Edwards was improperly ordered to serve a term of imprisonment for an infraction.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

On October 28, 2010, Indianapolis Metropolitan Police Department Officer James Hurt ("Officer Hurt") initiated a traffic stop of a vehicle after determining that the license plate was not registered to the vehicle. Edwards, the vehicle's driver, gave the officer an Indiana Identification Card after the officer requested his driver's license. Officer Hurt then determined that Edwards's license was suspended.

As the officer returned to the driver's side of the vehicle, he observed Edwards repeatedly reaching towards his pockets and the vehicle's center console. Officer Hurt also smelled the odor of raw marijuana in the vehicle. The officer then asked Edwards to exit the vehicle and performed a quick patdown search.

As Officer Hurt continued to speak to Edwards, he had a hard time understanding Edwards's responses because he was mumbling. And the raw odor of marijuana became stronger as Edwards spoke. Therefore, Officer Hurt ordered Edwards to open his mouth.

2

Edwards had a substantial amount of raw marijuana in his mouth. The officer then asked Edwards what he was chewing on and Edwards replied, "I'm chewing and trying to swallow this marijuana." Tr. p. 78. Edwards was ordered to spit out the marijuana, he refused, and eventually swallowed it.

Edwards was arrested and placed in Officer Hurt's vehicle. The officer then had a discussion with another officer about the potential criminal charges and mentioned possession of marijuana. Edwards interjected and said, "you guys can't charge me with anything because you don't have the evidence." Tr. p. 79.

Edwards was subsequently charged with Class D felony obstruction of justice, Class A misdemeanor possession of marijuana, and Class A misdemeanor driving while suspended. A jury trial was held on August 30, 2011, and the jury found Edwards guilty as charged. But the trial court entered a conviction for the driving while suspended charge as an infraction, not as a misdemeanor. Tr. p. 168. On October 18, 2011, Edwards was ordered to serve an aggregate sentence of 730 days, with 365 days executed to be served on home detention. Edwards now appeals. Additional facts will be provided as necessary.

## I. Double Jeopardy

Article 1, Section 14 of the Indiana Constitution reads in pertinent part, "No person shall be put in jeopardy twice for the same offense." Edwards argues that his convictions for possession of marijuana and obstruction of justice violate the constitutional prohibition against double jeopardy under the actual evidence test established by our supreme court in Richardson v. State, 717 N.E.2d 32, 53 (Ind.1999).

The Richardson court provided the following guidance for applying the actual evidence test:

> Under this inquiry the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

Id. (footnote omitted).

Our courts must identify the essential elements of each of the challenged offenses and evaluate the evidence from the jury's perspective. Lee v. State, 892 N.E.2d 1231, 1234 (Ind. 2008). "In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." Id. A "'reasonable possibility' turns on a practical assessment of whether the jury may have latched on to exactly the same facts for both convictions." Id. at 1236. Finally, "the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002).

Edwards was charged with Class D felony obstruction of justice for "knowingly or intentionally" damaging, altering, or removing any thing, i.e. marijuana, "with the intent to prevent it from being produced or used as evidence in any official proceeding or investigation." Appellant's App. p. 20. He was also charged with knowingly possessing marijuana as a Class A misdemeanor. Id. at 21.

4

At trial, Officer Hurt testified that he smelled the odor of raw marijuana in Edwards's vehicle prior to asking him to exit the vehicle. The assisting officer, Indianapolis Police Department Officer Michael Skeens, testified that after Edwards exited the vehicle, the officer noted the "strong odor of . . . raw marijuana coming from [Edwards's] clothing and his breath[.]" Tr. p. 106. Edwards was then asked to open his mouth and both officers observed a green, leafy substance which they identified through their training and experience as raw marijuana. Tr. pp. 77, 107. This evidence was sufficient to prove possession of marijuana.

Moreover, the jury was instructed that the State was not required to "introduce the subject contraband to obtain a conviction for . . . possession." Appellant's App. p. 66. The following instruction was also tendered to the jury: "The opinion of someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence in order to obtain a conviction on a controlled substance[.]" Id. at 67. After receiving these instructions, it is reasonably probable that the jury relied on the officers' identification of the marijuana in Edwards's mouth to conclude that he knowingly possessed the marijuana at issue.

After the officers determined that Edwards had a mouthful of raw marijuana, Officer Hurt asked Edwards what he was chewing on, to which he replied, "I'm chewing and trying to swallow this marijuana." Tr. p. 78. The officer then ordered him to spit it out, and Edwards refused. He eventually swallowed the marijuana. While the officers discussed whether Edwards might be charged with possession of marijuana, Edwards interjected, "You guys can't charge me with anything because you don't have the

5

evidence." Tr. p. 79. This separate and distinct evidence is sufficient to prove obstruction of justice.

Under these facts and circumstances, we conclude that Edwards's convictions for Class D felony obstruction of justice and Class A misdemeanor possession of marijuana do not run afoul of the principles of Indiana's Double Jeopardy Clause.

## II. The Class A Infraction Sentence

Edwards was charged with driving while suspended as a Class A misdemeanor, and the jury found him guilty as charged. However, after observing that the judgment of conviction for Edwards's license suspension was not admitted into evidence, the trial court sua sponte entered a judgment on the driving while suspended charge as a Class A infraction instead of a Class A misdemeanor.[1] Tr. p. 168.

However, during the sentencing hearing, the trial court improperly ordered Edwards to serve a concurrent term of 365 days with 361 days suspended for the Class A infraction. Indiana Code section 33-23-1-6 provides that an infraction is a violation of a statute "for which a person may be fined but not imprisoned." And Indiana Code section 34-28-5-4 provides for maximum fines or judgments for each class of infraction. The State concedes that the trial court improperly ordered Edwards to serve a term of imprisonment for the Class A infraction.

---

[1] In deciding to enter the judgment of conviction as an infraction, the trial court made reference to a Court of Appeals decision reversing the same trial court for entering a judgment of conviction on a Class A misdemeanor driving while suspended charge where the State failed to submit the prior judgment suspending the defendant's license, but relied solely on the BMV driving record, as the State did in this case. It appears the trial court was referring to our memorandum decision in Warren v. State, No. 49A02-1009-CR-997 (Ind. Ct. App. June 3, 2011), trans. denied, wherein we remanded the case to the trial court to vacate the Class A misdemeanor conviction and enter the lesser-included "Class A infraction in its place."

We therefore remand this case to the trial court to correct its order of judgment of conviction and its abstract of judgment to vacate the term of imprisonment imposed on Edwards for Class A infraction driving while suspended.

**Conclusion**

Edwards's Class D felony obstruction of justice and Class A misdemeanor possession of marijuana convictions do not violate double jeopardy principles. However, the trial court erred when it ordered Edwards to serve a term of imprisonment for a Class A infraction.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

ROBB, C.J., and BAILEY, J., concur.