Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 11 2013, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWNES**
Public Defender of Indiana

**DEIDRE R. ELTZROTH**
Assistant Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK A. SALISBURY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 17A03-1209-PC-373 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEKALB SUPERIOR COURT
The Honorable Monte L. Brown, Judge
Cause No. 17D02-0902-PC-3

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Mark A. Salisbury appeals the post-conviction court's denial of his petition for post-conviction relief. He contends that the post-conviction court erred in finding that his plea was knowingly, intelligently, and voluntarily entered into because he had effective assistance of trial counsel. Finding that Salisbury received effective assistance of trial counsel and therefore pled guilty knowingly, intelligently, and voluntarily, we affirm.

**Facts and Procedural History**

On September 4, 2005, Salisbury had sexual intercourse with his thirteen-year-old stepdaughter, E.K. On September 3, 2007, Salisbury had sexual intercourse with fifteen-year-old E.K. again. Two days later, the State charged Salisbury with Class A felony child molesting for the 2005 incident and Class B felony sexual misconduct with a minor for the 2007 incident. The State also alleged that Salisbury was a habitual offender.

The State offered Salisbury two different guilty-plea options: (1) Class B felony sexual misconduct with a minor and admit to being a habitual offender with a thirty-five year sentence with five years suspended and (2) Class A felony child molesting with a thirty-year sentence with five years suspended. *See* State's Ex. A. Option 1 also required Salisbury to register as a sex or violent offender for at least ten years unless the State petitioned for him to be designated as a sexually violent predator (SVP), which it testified that it would have, Tr. p. 6, in which case he would be required to register for life. Option 2, on the other hand, would deem Salisbury a SVP by operation of law and require him to register as such for life. Under either option, he would be able to petition for removal from the sex-offender registry after ten years. After discussing the two

2

options with his attorney, Salisbury chose Option 2 because it called for a shorter executed prison sentence. *Id.* at 25.

At the sentencing hearing, Salisbury pled guilty to Class A felony child molesting and was sentenced to an executed sentence of twenty years. At the hearing, the trial court advised Salisbury that he would be an SVP as a matter of law and was required to register as such. Salisbury made no objection and did not move to withdraw his guilty plea.

Two years later, Salisbury petitioned for post-conviction relief, alleging that there was no evidence supporting his Class A felony conviction. Appellant's App. p. 5-17. The petition was amended three years later to include the claim that Salisbury's plea was not made knowingly, voluntarily, or intelligently because he was not adequately advised by his trial counsel that his conviction made him an SVP. *Id.* at 24-27.

A post-conviction hearing was held, and Salisbury's trial counsel testified that he would have discussed the registry requirement with Salisbury, as he did in all sex-offense cases, but he could not remember whether he had discussed the SVP status specifically. Tr. p. 16. Salisbury testified that he chose Option 2 because it called for a shorter sentence and that he was not advised about the SVP status; he also claimed that he would have chosen Option 1 if he had known about the SVP status that came with Option 2. *Id.* at 26. Finally, Salisbury testified that he had never questioned why the Class A felony sentencing option was shorter than the Class B felony sentencing option. The State presented evidence that it would have petitioned the court to designate Salisbury as an SVP anyway had he chosen Option 1. *Id.* at 6.

The post-conviction court denied Salisbury's petition for post-conviction relief, finding Salisbury's testimony not to be credible. The post-conviction court also found that no evidence was submitted that "in the Spring of 2008, defense attorneys had an objective standard of reasonableness where they advised their clients of the registry implications of particular cases." Appellant's App. p. 47. Finally, the post-conviction court found that there was no consequential difference between being an SVP under the law or a petitioned SVP; either way Salisbury could petition for removal from the registry after ten years. *Id.* at 48-49.

Salisbury now appeals.

**Discussion and Decision**

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* The post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* The post-conviction court is the sole judge of the weight of the evidence and

4

the credibility of witnesses. *Id.* We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.*

Salisbury contends that his plea was not knowing, intelligent, and voluntary because he received ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). "[I]f we can dismiss an ineffective assistance claim on the prejudice prong, we need not address whether counsel's performance was deficient." *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008).

Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French*, 778 N.E.2d at 824. Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied*. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

5

There are two different types of ineffective assistance of counsel claims that can be made in regards to guilty pleas: (1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences. *Segura v. State*, 749 N.E.2d 496, 500 (Ind. 2001). Since Salisbury is arguing that he was not properly advised about the SVP status that was a part of his plea agreement, the second category is at issue. The specific standard for showing prejudice on such a claim was articulated by our Supreme Court in *Segura*:

> for claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Id.* at 507.

Salisbury contends that if he had been properly advised about the SVP status that was a part of the plea agreement he accepted, he would have chosen the other available plea agreement. We find this argument to be without merit for two reasons.

First, his argument assumes that the trial court found Salisbury to be credible when he stated he would have taken a longer prison sentence to have a ten-year sex-offender status. Apparently the trial court did not find him to be credible on this point. And indeed, it is not reasonable to believe that a forty-four-year-old with an extensive criminal history would choose an option with a longer executed prison term in exchange for a potentially more lenient registration status at the end of his executed sentence. This conclusion is bolstered by his trial attorney's testimony that he informed all clients

6

generally about the sex-offender registry and had no reason to believe he did not here, and Salisbury's incredulous testimony that he had no idea why one plea agreement option provided for more jail time than the other.

Second, the difference between the two SVP classifications was found by the post-conviction court to be "inconsequential." Appellant's App. p. 49. Indiana Code section 35-38-1-7.5 governs SVP statuses and states, in part, that a person who is at least eighteen years of age who commits one of a list of offenses is considered an SVP by operation of law. Class A felony child molesting, the charge in Option 2, is a listed offense, but Class B felony sexual misconduct with a minor, the charge in Option 1, is not. However, Indiana Code section 35-38-1-7.5(e) allows the prosecuting attorney to request a hearing to determine if a defendant is an SVP if he does not qualify as an SVP by operation of law - in this case, if he commits an offense other than one listed within the statute. At the hearing, two psychologists or psychiatrists must testify as to whether the defendant "suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense." I.C. 35-38-1-7.5(a). Since Salisbury has already repeatedly committed a sex offense against his stepdaughter, he likely would be determined to be a petitioned SVP if the State were to request such a hearing, which the evidence shows it would have if Salisbury chose Option 1. Tr. p. 6. Both classifications, SVP by operation of law and petitioned SVP, allow the defendant to petition for removal from the registry after ten years. I.C. 35-38-1-7.5(g). We therefore agree with the post-conviction court that in this instance, the difference between the two SVP classifications is inconsequential.

7

We find that Salisbury has failed to show by objective and reasonable facts that he was prejudiced by his trial counsel's assistance and his plea was anything but knowing, intelligent, and voluntary. We hold that the post-conviction court did not err in denying Salisbury's petition for post-conviction relief based on his claim of ineffective assistance of trial counsel.

Affirmed.

BAILEY, J., and BROWN, J., concur.