## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 13 2020, 10:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott King
King Brown & Murdaugh LLC
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Garrett DaVarris Smith, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 13, 2020

Court of Appeals Case No.
19A-CR-1525

Appeal from the Lake Superior Court

The Honorable Salvador Vasquez, Judge

Trial Court Cause No.
45G01-1612-MR-7

**Friedlander, Senior Judge.**

[1] Garrett DaVarris Smith, Jr. appeals his convictions of aggravated battery, a Level 3 felony, and criminal recklessness, a Level 5 felony, asserting that his

convictions violate his right against double jeopardy. Concluding that Smith's rights were not violated, we affirm.

[2] The pertinent facts of this case can be summarized as follows: Smith was at the residence of his friends Davon and Davion Snow. At some point after Smith's arrival, Davon told him to leave and escorted him to the door. Smith exited, and Davon closed the door. Shots were then fired through the door, at least one of which struck Davon in his hand and leg.

[3] As a result of this incident, the State charged Smith with aggravated battery, a Level 3 felony;[1] battery causing serious bodily injury, a Level 5 felony;[2] battery with a deadly weapon, a Level 5 felony; and criminal recklessness, a Level 5 felony.[3] A jury found Smith guilty as charged on all four counts. The court entered judgment on the aggravated battery, declined to enter judgment on the other two battery offenses, and reserved judgment until sentencing on the criminal recklessness offense. The court subsequently entered judgment on the criminal recklessness charge and sentenced Smith to an aggregate term of ten years on the two convictions. Smith now appeals his convictions claiming that the jury relied upon the same evidence in finding him guilty of aggravated battery as it did in finding him guilty of criminal recklessness.

---

[1] Ind. Code § 35-42-2-1.5 (2014).

[2] Ind. Code § 35-42-2-1 (2016).

[3] Ind. Code § 35-42-2-2 (2014).

The Indiana Constitution provides in part that "[n]o person shall be put in jeopardy twice for the same offense." IND. CONST. art. I, § 14. Two or more offenses are the same offense in violation of the double jeopardy clause of the Indiana Constitution if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999). In this case, Smith claims a violation only under the actual evidence test, alleging that there was no evidence of a victim other than Davon.

With regard to the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. *Id.* To show that two challenged offenses constitute the same offense under the actual evidence test, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one offense may also have been used to establish the essential elements of a second offense. *Id.* A "reasonable possibility" requires "substantially more than a logical possibility" and involves a practical assessment of whether the factfinder "may have latched on to exactly the same facts for both convictions." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). Further, our State's double jeopardy clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one, or even several, but not all, of the essential elements of a second offense. *Spivey v. State*, 761 N.E.2d 831 (Ind. 2002). In applying the actual

evidence test, we evaluate the evidence from the factfinder's perspective, and we may consider the charging information, jury instructions, and arguments of counsel. *Newgent v. State*, 897 N.E.2d 520 (Ind. Ct. App. 2008).

[6] In the second amended information, the State alleged that Smith committed aggravated battery by knowingly or intentionally inflicting injury on Davon that created a substantial risk of death or caused protracted loss or impairment of the function of a bodily member or organ. Appellant's App. Vol. 2, p. 214; *see* Ind. Code § 35-42-2-1.5. The State also alleged that Smith committed criminal recklessness by recklessly, knowingly, or intentionally performing an act that created a substantial risk of bodily injury to another person by shooting a firearm into an inhabited dwelling. Appellant's App. Vol. 2, p. 214; *see* Ind. Code § 35-42-2-2. Further, the charging information was included as a final instruction to the jury. Appellant's App. Vol. 2, pp. 162-63.

[7] The evidence presented at trial showed that Smith and brothers Davon and Davion Snow were friends from school, and Smith often stayed at the Snow residence. On the evening of November 30 and into the early morning hours of December 1, 2016, Smith was at the Snow residence. Present in the residence at the time were Davon; Davion; their brother, Stacy Crouch; the boys' mother; and Smith. Smith entered the house, fixed himself some food, and sat on the couch. Davion was playing a game on the computer. He overheard Davon and Smith exchange words, and, at some point, Davon told Smith that he was not allowed to remain at the home. As Smith got up to leave, he took his handgun from under the couch, and Davon escorted him to the door. Once

Davon closed the door, several shots were fired through it. Davon was shot in his hand and leg, and both injuries required surgery. The injuries to Davon's hand continue to cause him problems. Investigation of the scene revealed three bullet holes in the door, and one bullet was recovered from Davon's thigh.

[8] The basis of the aggravated battery is Smith's act of shooting Davon and causing him serious injury and impairment. In contrast, the basis of the criminal recklessness charge is Smith's act of creating a substantial risk of bodily injury to other people by shooting into an occupied home. The charging information for criminal recklessness made no mention of Davon and was based on the act of shooting into the occupied dwelling, thus creating a substantial risk of injury to *anyone* who was inhabiting the dwelling at the time. The evidence at trial was clear that, in addition to Davon, his brothers Davion and Stacy and their mother were all present in the home at the time Smith fired the shots through the front door. Smith fired several shots, and, although the evidence showed that at least one of the shots hit Davon, the remainder created risk of injury to the other people occupying the dwelling. Thus, the convictions for the two offenses involve separate victims. *See Rawson v. State*, 865 N.E.2d 1049 (Ind. Ct. App. 2007) (holding no double jeopardy violation because convictions involved separate victims where conviction for attempted aggravated battery was based on defendant shooting at victim while victim fled and conviction for criminal recklessness was based on defendant shooting in direction of victim's home), *trans. denied*. Consequently, there is no double jeopardy violation here because there were separate victims—Smith's act

inflicted significant injury on Davon, and it also created a substantial risk of injury to anyone in the house.

[9] Smith raises the additional argument that his convictions violate the "very same act" test. In addition to the constitutional test prescribed in *Richardson*, the Indiana Supreme Court has "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy[ ] but are not governed by the constitutional test set forth in *Richardson*." *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). One such rule our supreme court has identified is the very same act test, which is distinct from the actual evidence test. *Bradley v. State*, 113 N.E.3d 742 (Ind. Ct. App. 2018), *trans. denied* (2019). The very same act test applies "when the defendant's 'behavior' underlying one offense is 'coextensive with the behavior . . . necessary to establish an element of' another offense." *Id.* at 752 (quoting *Taylor v. State*, 101 N.E.3d 865, 872 (Ind. Ct. App. 2018)). Although the "reasonable possibility" language is most commonly associated with the actual evidence test, *see Lee*, 892 N.E.2d at 1236, that language has also been used to determine whether a double jeopardy violation has occurred under the very same act test. *Bradley*, 113 N.E.3d 742.

[10] Smith contends that his convictions violate the very same act test because his act of shooting at the Snow home was the underlying behavior for both. The flaw in this argument is that Snow did not fire just one shot through the door of the Snow residence; he fired several shots. As we explained in our discussion of the actual evidence test, there were multiple shots fired with different victims. At least one of the shots fired hit Davon, causing him serious injury and

impairment. The remaining shots fired into the home caused substantial risk of injury to the remaining occupants, other than Davon. Thus, there were different shots with different victims, and, as such, there is not a reasonable possibility that Snow's behavior underlying his aggravated battery conviction formed the evidentiary basis underlying his criminal recklessness conviction. *See Wilcoxson v. State*, 132 N.E.3d 27 (Ind. Ct. App. 2019) (rejecting argument that two attempted murder convictions violated very same act test where, in addition to firing one shot that went through window, defendant also fired fifteen other shots), *trans. denied*.

[11] Judgment affirmed.

Bradford, C.J., and Vaidik, J., concur.