## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 24 2020, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Cara Schaefer Wieneke<br>Brooklyn, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Tina L. Mann<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew D. Hunter,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 24, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2987<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Kelli Fink,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1901-F5-564 |

**Tavitas, Judge.**

# Case Summary

[1] Andrew Hunter appeals his conviction for criminal confinement, a Level 5 felony. We affirm.

# Issue

[2] Hunter raises one issue, which we restate as whether his conviction for criminal confinement, a Level 5 felony, violates the prohibition against double jeopardy.

# Facts

[3] On January 21, 2019, Hunter punched his girlfriend, Sarah Nernberger, in the eye and the mouth after she refused to "take him places and give him money." Tr. Vol. II p. 80. Hunter grabbed Nernberger, took her into the bathroom, and shut the door. Hunter then grabbed Nernberger's hair and slammed her head against the toilet. Hunter strangled Nernberger with his hands around her neck until she was "gasping for air." *Id.* at 83. Hunter then took a shower but told Nernberger: "If you get up and leave this bathroom I'll kill you" and "I'll come after your family and I'll go to your daughter's school." *Id.*

[4] After Hunter finished his shower, he allowed Nernberger to leave the bathroom. Hunter screamed at Nernberger to leave the apartment and said, "if you call the cops, I'll kill you and come after your family." *Id.* at 84. Nernberger left the apartment and went to her sister's house, and Nernberger's family called the police. Officers arrested Hunter and placed him in handcuffs in a police car. On the way to the police station, Hunter complained that the handcuffs were on too tight, so the officer stopped the vehicle to loosen the

handcuffs. As the officer was trying to adjust the handcuffs, Hunter began struggling with the officer, and a citizen helped secure Hunter until other officers could arrive.

[5] The State charged Hunter with criminal confinement, a Level 5 felony; attempted escape, a Level 5 felony; intimidation, a Level 6 felony; strangulation, a Level 6 felony; and domestic battery, a Class A misdemeanor. The State also alleged that Hunter was a habitual offender. The State later added an additional charge of invasion of privacy, a Class A misdemeanor.

[6] Hunter pleaded guilty to the invasion of privacy charge, and a jury found Hunter guilty of criminal confinement, a Level 5 felony; resisting law enforcement, a Class A misdemeanor; intimidation, a Level 6 felony; strangulation, a Level 6 felony; and domestic battery, a Class A misdemeanor. Hunter admitted that he is an habitual offender. The trial court sentenced Hunter to concurrent terms of: five years for the criminal confinement conviction, enhanced by three years due to Hunter's status as an habitual offender; two years on the intimidation and strangulation convictions; and ten months on the misdemeanor convictions, for an aggregate sentence of eight years in the Department of Correction. Hunter now appeals.

## Analysis

[7] Hunter argues that his conviction for criminal confinement, a Level 5 felony, violates the prohibition against double jeopardy. The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense."

Ind. Const. art. 1, § 14. The Indiana Supreme Court has held that "two or more offenses are the 'same offense' in violation of Article 1, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). "On appeal, the defendant bears the burden to show that his convictions violated his constitutional right to be free from double jeopardy." *Johnston v. State*, 126 N.E.3d 878, 889 (Ind. Ct. App. 2019), *trans. denied*.

[8] Hunter presents no argument that his conviction violates the statutory elements test; rather, Hunter contends that his conviction violates the actual evidence test.

> In order to find a double jeopardy violation under the actual evidence test, a reviewing court must conclude there is a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of an offense for which the defendant was convicted or acquitted may also have been used to establish all the essential elements of a second challenged offense.

*Hines v. State*, 30 N.E.3d 1216, 1222 (Ind. 2015). "Application of this test requires the court to 'identify the essential elements of each of the challenged crimes and to evaluate the evidence from the jury's perspective. . . .'" *Id.* (quoting *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008)). "In determining the facts used by the fact-finder, 'it is appropriate to consider the charging

information, jury instructions, [ ] arguments of counsel' and other factors that may have guided the jury's determination." *Id.* (quoting *Lee*, 892 N.E.2d at 1234).

[9] First, we note that Hunter argues his conviction for criminal confinement "cannot stand" and "should be vacated." Appellant's Br. pp. 8, 12, 13. "A violation of double jeopardy principles requires that we vacate the conviction with the *less severe penal consequences*." *Johnston*, 126 N.E.3d at 890 (emphasis added). Hunter, however, argues that we should vacate the conviction with the *most severe penal consequences*. Hunter's argument fails.

[10] Next, we will address whether Hunter's convictions for criminal confinement, battery, strangulation, and intimidation violate the actual evidence test. Hunter argues:

> Nernberger testified she felt unable to leave the bathroom, even though Hunter had not physically restrained her, because Hunter had hit, choked, and threatened her. In order to prove Hunter had confined Nernberger, the jury had to rely on the same evidentiary facts that established Hunter had battered, choked, and intimidated Nernberger. Otherwise, it would have appeared as if Nernberger was simply sitting in the bathroom, unrestrained, while Hunter showered.

Appellant's Br. p. 12.

[11] The criminal confinement charging information provided: "Andrew D. Hunter did knowingly or intentionally confine Sarah Nernberger without the consent of Sarah Nernberger, said act resulting in bodily injury to Sarah Nernberger . . . ."

Appellant's App. Vol. II p. 20; *see* Ind. Code § 35-42-3-3. The intimidation charging information provided: "Andrew D. Hunter did communicate a threat to commit a forcible felony to Sarah Nernberger, with the intent that said Sarah Nernberger engage in conduct against the will of said other person . . . ." Appellant's App. Vol. II p. 20; *see* Ind. Code § 35-45-2-1. The strangulation charging information provided: "Andrew D. Hunter in a rude, insolent or angry manner, did knowingly or intentionally apply pressure to the throat or neck of Sarah Nernberger and/or obstruct the nose or mouth of Sarah Nernberger and/or apply pressure to the torso of Sarah Nernberger in a manner that impeded normal breathing or blood circulation of Sarah Nernberger . . . ." Appellant's App. Vol. II p. 20; *see* Ind. Code § 35-42-2-9. The battery charging information provided: "Andrew D. Hunter did knowingly or intentionally touch Sarah Nernberger, a family or household member[,] in a rude, insolent or angry manner by striking, grabbing, squeezing and/or pushing said victim . . . ." Appellant's App. Vol. II pp. 20-21; *see* Ind. Code § 35-42-2-1.3.

[12] In closing arguments, the State delineated the separate evidence that supported each of the charges. The State argued that the criminal confinement charge was supported by evidence that Hunter confined Nernberger in the bathroom and hit her head on the toilet. The State argued that the intimidation charge was supported by Hunter telling Nernberger "if you call the cops I'm going to kill your . . . family." Tr. Vol. III pp. 18-19. The State argued that the strangulation charge was supported by evidence showing that Hunter grabbed Nernberger by the throat and squeezed until her breathing was impeded.

Finally, the State argued that the domestic battery charge was proved by evidence that Hunter hit Nernberger in the eye and mouth.

[13] The State did not rely on the evidence supporting the charges of battery, strangulation, or intimidation as the evidence that Hunter confined Nernberger. There was evidence of criminal confinement that went beyond the evidence used to prove the commission of the other offenses. We conclude there is no reasonable probability that the jury used the same evidentiary facts to support Hunter's conviction for criminal confinement that the jury used to support Hunter's convictions for intimidation, strangulation, and battery. Hunter's double jeopardy argument fails.

## Conclusion

[14] Hunter has failed to demonstrate that his conviction for criminal confinement violates the prohibition against double jeopardy. We affirm.

[15] Affirmed.

Riley, J., and Mathias, J., concur.