James D. BURP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 30A01–9607–CR–224.

Court of Appeals of Indiana.

Oct. 23, 1996.

---

James D. Burp, Westville, Pro Se.

## OPINION

BAKER, Judge.

Appellant-defendant James D. Burp appeals his sentence for his conviction of Operating a Vehicle While Intoxicated,[1] a Class D felony, and his adjudication as an Habitual Offender.[2] His sole issue for review is whether the trial court erred in both elevating and enhancing his sentence for operating while intoxicated.

### FACTS

On February 16, 1995, the State charged Burp with operating while intoxicated, which was elevated to a class D felony pursuant to IND. CODE § 9–30–5–3 on the basis of Burp's previous conviction for operating while intoxicated. The State also charged Burp with being an habitual offender pursuant to IND. CODE § 35–50–2–8 on the basis

1.  IND. CODE §§ 9–30–5–2 and 9–30–5–3.

2.  IND. CODE § 35–50–2–8.

of two prior felony convictions. Burp pled guilty two both charges and, on July 18, 1995, was sentenced to three years imprisonment for operating while intoxicated, enhanced by one and one-half years for his habitual offender adjudication, for a total sentence of four and one-half years imprisonment. Additionally, the trial court suspended Burp's driver's license for one year.

### DISCUSSION AND DECISION [3]

Burp contends the trial court erred by both elevating and enhancing his sentence for operating while intoxicated. Burp's sentence was elevated pursuant I.C. § 9–30–5–3, which permits the elevation of a charge of operating while intoxicated to a Class D felony if the person was convicted of operating while intoxicated within the preceding five years. Our supreme court has held that this statute is an habitual offender statute because it provides for progressively severe punishments for repeat offenders. *Freeman v. State*, 658 N.E.2d 68, 70 (Ind.1995). Additionally, Burp's sentence was enhanced pursuant to Indiana's general habitual offender statute, I.C. § 35–50–2–8, which provides in pertinent part:

(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

This statute also provides a progressive punishment scheme for repeat felony offenders. According to Burp, the legislature did not intend for a defendant to be subject to both enhancements.

In *Freeman,* our supreme court was faced with a situation similar to the present case. In that case, Freeman's sentence for operating while intoxicated was elevated pursuant to I.C. § 9–30–5–3 and then enhanced pursuant to Indiana's habitual substance offender statute, IND. CODE § 35–50–2–10. Because the statutes dealt with the same subject matter, the court attempted to harmonize them to give effect to the legislative intent. How-

3.  We note that the State chose not to file a brief in response to Burp's argument, preferring instead to file a waiver of brief.

ever, the court was unable to do so because it found that the operation of one statute negated portions of the other. *Id.* at 70. Specifically, the court found that the statutes' enhancement schemes could not operate either consecutively or concurrently to one another, as consecutive operation would eliminate each statute's language pertaining to its starting point, the first operating while intoxicated conviction, while concurrent operation would negate the enhancement effect of the conviction with the shorter sentence. *Id.* As a result, the court determined that the legislature must have intended for I.C. § 9–30–5–3, the more specific statute, to supersede the more general habitual substance offender statute. *Id.* at 71. Thus, the court held that Freeman's sentence should have been enhanced solely pursuant to I.C. § 9–30–5–3. *See also Stanek v. State,* 603 N.E.2d 152 (Ind.1992) (court construed the habitual offender statute together with Indiana's habitual violators of traffic laws statute to hold that legislature did not intend a conviction under one statute to be subject to further enhancement under the other).

Similarly, Burp's sentence was twice enhanced on the basis of habitual offender statutes. Notwithstanding that Burp's operating while intoxicated charge was elevated on the basis of a previous operating while intoxicated conviction while the habitual offender enhancement was the result of his previous convictions for conspiracy to commit robbery and battery, our supreme court has made it clear that a defendant's sentence is not to be twice enhanced on the basis of different habitual offender statutes. As a result, pursuant to *Freeman,* we are compelled to reverse Burp's habitual substance offender enhancement. Burp's conviction and sentence for operating while intoxicated is affirmed in all other respects.

Judgment affirmed in part and reversed in part.

ROBERTSON and HOFFMAN, JJ., concur.