

FILED
Oct 30 2015, 9:33 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brooks Berg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 30, 2015

Court of Appeals Case No.
32A01-1504-CR-127

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-1406-FD-534

**Najam, Judge.**

## Statement of the Case

Brooks Berg appeals his convictions for operating while intoxicated, as a Class D felony, and reckless driving, as a Class B misdemeanor.[1] Berg raises a single issue for our review, namely, whether the State violated his double jeopardy rights under *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), when it used the evidence it had presented to the jury to support the reckless-driving charge to demonstrate the endangerment element of the operating-while-intoxicated charge. The State concedes on appeal that this use of the evidence resulted in a violation of Berg's rights under the *Richardson* actual evidence test.

We reject Berg's argument and the State's concession, and we hold that the trial court did not violate Berg's double jeopardy rights when it entered its judgment of conviction against him for both operating while intoxicated, as a Class D felony, and reckless driving, as a Class B misdemeanor. Thus, we affirm Berg's convictions.

## Facts and Procedural History

In the early morning hours of June 21, 2014, Plainfield Police Department Sergeant Mike Mason observed a vehicle—later determined to have been operated by Berg—traveling at fifty-nine miles per hour in a forty-five miles per hour zone. Sergeant Mason initiated a traffic stop, and Berg decelerated and pulled the vehicle into a parking lot. But, as Sergeant Mason pulled up behind

---

[1] Berg does not appeal his conviction for resisting law enforcement, as a Class D felony.

him, Berg "accelerate[d] hard" and returned to the main road, fleeing from Sergeant Mason. Tr. at 301.

[4] Two other officers joined the chase. Berg accelerated to 130 miles per hour, but when he turned onto a "very bumpy county road" he decelerated to between eighty and ninety miles per hour. *Id.* at 307. Conditions became "extremely thick" with fog, it was "extremely hard to see" if anyone else might have been on the roads, and Berg was "bouncing all over the roads," "going from the left side of the road to the right side of the road, speeding up [and] slowing down." *Id.* at 308-09. Eventually, Berg attempted to navigate a right turn but lost control of the vehicle. Berg "crosse[d] the oncoming traffic," went "down into [a] ditch . . . on the left side of the road[,] c[a]me[] back up the other side of the ditch[,] hit[] a very large tree[,] and then launche[d]" the vehicle such that it became "inverted and land[ed] in the middle of the road . . . ." *Id.* at 309-10. Officers then arrested Berg. A friend of Berg's, Coty Bedwell, was in the vehicle's passenger seat. Neither occupant was seriously injured.

[5] On June 23, the State charged Berg with numerous offenses. It later amended its charges to allege, in relevant part, as follows: resisting law enforcement, as a Class D felony based on Berg's use of a vehicle to commit the offense; operating while intoxicated, as a Class D felony on the basis of a previous conviction for operating while intoxicated; and reckless driving, as a Class B misdemeanor, based specifically on Berg operating the vehicle at such an unreasonably high rate of speed that he endangered another. The State also alleged Berg to be a

habitual substance offender. Following a multi-phase jury trial, the jury found Berg guilty on all counts and found him to be a habitual substance offender.

[6] Following the jury's verdict, the trial court entered its judgment of conviction against Berg for resisting law enforcement, as a Class D felony; operating while intoxicated, as a Class D felony;[2] and reckless driving, as a Class B misdemeanor. The court also adjudicated Berg to be a habitual substance offender. The court "vacated" the jury's remaining findings against Berg. Appellant's App. at 206. The court then ordered Berg to serve an aggregate term of eight years in the Department of Correction. This appeal ensued.

## Discussion and Decision

[7] On appeal, Berg asserts that the trial court violated his right under Article 1, Section 14 of the Indiana Constitution to be free from double jeopardy when the court entered its judgment of conviction against him both on the jury's verdict that he had operated a vehicle while intoxicated and on its verdict that he had committed reckless driving. We review alleged double jeopardy violations de novo. *Ellis v. State*, 29 N.E.3d 792, 797 (Ind. Ct. App. 2015), *trans. denied*.

---

[2] Berg's abstract of judgment erroneously states that this conviction was entered as a Level 6 felony.

[8]     Article 1, Section 14 of the Indiana Constitution prohibits double jeopardy, providing that "[n]o person shall be put in jeopardy twice for the same offense." As the Indiana Supreme Court has explained:

> In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)[,] this Court concluded that two or more offenses are the same offense in violation of article 1, section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. *Id.* at 53. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id. The actual evidence test is applied to all the elements of both offenses. "In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002).
>
> Our precedents "instruct that a 'reasonable possibility' that the jury used the same facts to reach two convictions requires substantially more than a logical possibility." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008) (citing cases). The reasonable possibility standard "fairly implements the protections of the Indiana Double Jeopardy Clause and also permits convictions for multiple offenses committed in a protracted criminal episode when the case is prosecuted in a manner that insures that multiple guilty verdicts are not based on the same evidentiary facts." *Richardson*, 717 N.E.2d at 53 n.46. *The existence of a*

> *"'reasonable possibility' turns on a practical assessment of whether the [fact finder] may have latched on to exactly the same facts for both convictions."* *Lee*, 892 N.E.2d at 1236. We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel. *Id.* at 1234.

*Garrett v. State*, 992 N.E.2d 710, 719-20 (Ind. 2013) (emphases added; last alteration original).[3] Thus, under *Spivey*, in order for there to be a double jeopardy violation under the actual-evidence test the evidentiary footprint for all the elements required to prove one offense must be the same evidentiary footprint as that required to prove all the elements of another offense. *See* 761 N.E.2d at 833.

[9]     Here, according to the State's charging information, which tracked the relevant statutes at issue, Berg committed operating while intoxicated, enhanced to a Class A misdemeanor, when he "did operate a vehicle while intoxicated in a manner that did endanger a person." Appellant's App. at 13; *see* Ind. Code § 9-30-5-2(b) (2014). The State alleged that that offense should be further enhanced to a Class D felony because Berg "had a previous conviction of operating while intoxicated that occurred within the 5 years immediately preceding" the instant offense. Appellant's App. at 19; *see* I.C. § 9-30-5-3(a)(1). And the State alleged that Berg had committed reckless driving, as a Class B misdemeanor, when he "did operate a vehicle and did recklessly[] drive at such an unreasonably high

---

[3] Berg does not challenge the validity of his convictions under either the Fifth Amendment to the United States Constitution or under the statutory elements test of the Indiana Constitution.

rate of speed under the circumstances as to endanger the safety or property of others." Appellant's App. at 15; *see* I.C. § 9-21-8-52(a)(1).

[10] According to Berg, the State presented the same evidence of unsafe driving to establish both "the endangerment element for . . . operating while intoxicated" and the offense of reckless driving. Appellant's Br. at 6. In its brief on appeal, the State concedes that "the facts that constituted the entire offense of reckless driving . . . is the same evidence that the State relied upon in proving that [Berg's] operation of the vehicle while intoxicated endangered others." Appellee's Br. at 9; *see* Tr. at 512. The State then agrees that this case "should be remanded." *Id.* (emphasis removed).

[11] Both Berg's argument on appeal and the State's concession are premised on a misunderstanding of *Richardson*. The *Richardson* test cannot be met where, as here, one offense required evidence of intoxication and the other offense did not. Applying the actual evidence test "to all the elements of both offenses," at least part of the evidentiary basis for the State's charge that Berg had operated a vehicle while intoxicated was wholly independent of the evidentiary basis underlying its charge that Berg had committed an act of reckless driving. *Garrett*, 992 N.E.2d at 719. In particular, the State's evidentiary facts establishing the offense of reckless driving established the element of endangerment for the offense of operating while intoxicated, as a Class D felony, but that evidence did not establish *all* of the essential elements of operating while intoxicated. *See Spivey*, 761 N.E.2d at 833. In other words, the evidentiary footprint underlying both of Berg's offenses was not the same.

Accordingly, there is no reasonable possibility that the jury "latched on to exactly the same facts for both convictions." *Lee*, 892 N.E.2d at 1236.

[12] "In addition to the instances covered by *Richardson*, 'we have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.'" *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002)). One of these categories prohibits "'conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished.'"[4] *Id.* (quoting *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring)). But the behavior underlying Berg's conviction for reckless driving was not "the very same behavior" underlying his conviction for operating while intoxicated, as a Class D felony. Rather, Berg's reckless-driving conviction was based on the

---

[4] Neither party suggests on appeal that Berg's conviction for reckless driving might have been a factually lesser included offense to his conviction for operating a vehicle while intoxicated. *See, e.g.*, *Guyton*, 771 N.E.2d at 1143 (noting that the simultaneous entry of convictions for both a greater offense and its lesser-included offenses contravene Indiana double jeopardy law). However, on similar facts this court has rejected such an argument. *Slate v. State*, 798 N.E.2d 510, 516-17 (Ind. Ct. App. 2003), *superseded by statute on other grounds, as stated in Outlaw v. State*, 918 N.E.2d 379, 382 (Ind. Ct. App. 2009), *adopted*, 929 N.E.2d 196 (Ind. 2010).

Further, in *Street v. State*, 30 N.E.3d 41, 47-49 (Ind. Ct. App. 2015), *trans. denied*, we clarified that the State cannot use the same bodily injury to enhance multiple offenses. However, Indiana double jeopardy law "does not prohibit multiple enhancements based on a defendant's use of the same weapon in the commission of multiple offenses." *Id.* at 48 n.3 (citing *Miller v. State*, 790 N.E.2d 437, 439 (Ind. 2003)); *see also Sistrunk v. State*, 36 N.E.3d 1051, 1054 (Ind. 2015) ("committing two or more separate offenses while armed with a deadly weapon . . . is not within the category of rules precluding enhancement of each offense based on 'the very same behavior.'"). Neither party suggests on appeal that this law applies to Berg. *See Taylor v. State*, 717 N.E.2d 90, 95 n.7 (Ind. 1999).

speed with which he drove his vehicle. His operating-while-intoxicated conviction, on the other hand, was enhanced to a Class D felony based on the fact that he had a prior operating-while-intoxicated conviction within the preceding five years. *See Burp v. State*, 672 N.E.2d 439, 440 (Ind. Ct. App. 1996). And that Class D felony, habitual offender enhancement applies when the defendant has committed either a Class C misdemeanor or a Class A misdemeanor offense of operating while intoxicated. I.C. § 9-30-5-3(a)(1). Thus, there is no merit to the suggestion on appeal that Berg's underlying Class A misdemeanor enhancement should be reduced to a Class C misdemeanor because the Class D felony enhancement applies regardless of the level of the underlying offense. Accordingly, Berg's conviction for a Class D felony, and his right to be free from double jeopardy, is not implicated on these facts.

[13] In sum, the trial court's entry of judgment did not violate Berg's double jeopardy rights, whether under *Richardson* or our common law, and we affirm his convictions.

[14] Affirmed.

Kirsch, J., and Barnes, J., concur.