## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 06 2018, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jessica Mitchell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 6, 2018 <br><br> Court of Appeals Case No. <br> 79A02-1708-CR-2023 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. <br> 79D01-1611-F6-1009 |

**Najam, Judge.**

# Statement of the Case

Jessica Mitchell appeals her convictions and sentence for neglect of a dependent, as a Level 6 felony, and possession of a synthetic drug or a synthetic drug lookalike substance, as a Class A misdemeanor. Mitchell raises the following four issues for our review:

1. Whether the State presented sufficient evidence to support Mitchell's conviction for possession.

2. Whether the trial court committed fundamental error when it admitted certain evidence.

3. Whether Mitchell's convictions violate Indiana's prohibitions against double jeopardy.

4. Whether Mitchell's three-year aggregate sentence, with 180 days executed and the remainder to be served on home detention, is inappropriate in light of the nature of the offenses and her character.

We affirm.

# Facts and Procedural History

On November 8, 2016, Mitchell, while pushing her two-month-old infant in a stroller, collapsed in the lobby of the Quality Inn Suites in Lafayette. Toby Gregory, a hotel clerk, observed Mitchell fall multiple times and that she "appear[ed] to be out of it." Appellant's App. Vol. II at 11. Gregory contacted the Lafayette Police Department. While officers were en route to the scene,

Charles Kalinowski, a hotel guest, observed Mitchell "laying [sic] on the ground" next to a stroller. Tr. Vol. II at 18. Kalinski observed that Mitchell was "completely incoherent" and speaking "gibberish." *Id.* at 19. Kalinski further noticed a "very pungent[,] acrid odor" that he had "never . . . come across" before. *Id.* at 18.

[4] Lafayette Police Department Officers William Snider and Brian Landis arrived on the scene. The officers observed that Mitchell had droopy eyes, poor motor skills, slurred and hard-to-understand speech, and slow movements. When Officer Snider asked Mitchell for identification, Mitchell "almost fell asleep" while producing it. *Id.* at 8. Officer Landis, who has more than fourteen years of police experience, believed the Mitchell's impairment was due to "something other than alcohol." *Id.* at 28.

[5] The officers asked Mitchell if she had taken any drugs, and Mitchell initially denied any drug use. The officers then asked if she had taken any prescription medications specifically, and Mitchell stated that she had taken some hydrocodone and an antibiotic. She denied any use of alcohol or illegal drugs.

[6] The officers then took turns reviewing the hotel's surveillance video. After Officer Landis had reviewed that video, he told Mitchell that "it was apparent that she was impaired on something." *Id.* at 29. Mitchell then admitted that "she had smoked spice," or synthetic marijuana, earlier that day. *Id.*

[7] The officers then placed Mitchell under arrest for neglect of a dependent. Incident to her arrest, the officers searched her purse and stroller, which were

near Mitchell's person in the hotel lobby. In the stroller, the officers found a burnt, homemade cigarette that contained within it a leafy substance. Based on his training and experience, Officer Landis concluded that that substance "appeared . . . to be some type of synthetic drug," namely, synthetic marijuana. *Id.* at 30. The officers also found plastic bags that contained the same substance. The State then charged Mitchell with neglect of a dependent, as a Level 6 felony, and with possession of a synthetic drug or a synthetic drug lookalike substance, as a Class A misdemeanor. The trial court found Mitchell guilty after a bench trial.

[8] The court then held a sentencing hearing. Following that hearing, the court found as aggravating circumstances Mitchell's criminal history and her history of substance abuse. The court also found Mitchell's history of not cooperating with the probation department and her child support arrearage to be aggravating circumstances. As a mitigating circumstance, the court found that Mitchell has "mental health issues" that she is "trying to address . . . as best as [she] can." *Id.* at 62. The court ordered Mitchell to serve an aggregate term of three years, with 180 days to be served in the Tippecanoe County Jail and the remainder to be served on home detention. This appeal ensued.

# Discussion and Decision

## *Issue One: Sufficiency of the Evidence for the Possession Conviction*

[9] On appeal, Mitchell first asserts that the State failed to present sufficient evidence to support her conviction for possession of a synthetic drug or a

synthetic drug lookalike substance, as a Class A misdemeanor. In such appeals, "[o]ur standard of review is deferential to the factfinder: 'we consider only the evidence and reasonable inferences most favorable to the convictions, neither reweighing evidence nor reassessing witness credibility.'" *Taylor v. State*, 86 N.E.3d 157, 163 (Ind. 2017) (quoting *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016)). "We will reverse only if no reasonable factfinder could find [the defendant] guilty." *Id.* at 163-64.

[10] According to Mitchell, the State's evidence does not show that she had actual or constructive possession of the stroller in which the synthetic marijuana was found.[1] "A person actually possesses contraband when she has direct physical control over it." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We agree with the State that the evidence most favorable to the judgment permitted the fact-finder to conclude that Mitchell had direct physical control over the stroller and, therefore, the synthetic marijuana. The evidence established that Mitchell was in the hotel lobby pushing her two-month-old infant in the stroller at the time she initially collapsed, which was shortly followed by the officers arriving

---

[1] In the trial court, Mitchell's counsel moved for a directed verdict on the State's possession charge on the basis that the State did not produce scientific evidence to show that the substance was synthetic marijuana and also because the officers' testimony showed that they did not field test the synthetic marijuana. But the trial court properly rejected that argument on the basis of the officers' observations, training, and experience. And Mitchell does not present this purported issue on appeal with argument supported by cogent reasoning. *See* Ind. Appellate Rule 46(A)(8)(a). Moreover, insofar as Mitchell's brief conflates her sufficiency challenge with her challenge under *Miranda v. Arizona*, 384 U.S. 436 (1966), and double jeopardy, we address those other arguments below.

on the scene. The officers then discovered the synthetic marijuana in the stroller.

[11] Mitchell asserts on appeal that that evidence does not demonstrate direct physical control because, while she was collapsed on the floor, Gregory attended to the infant in the stroller. But the fact-finder was free to conclude that the contraband found inside the stroller was placed there prior to Mitchell's collapse and the arrival of Gregory and the officers. As such, we hold that the State's evidence is sufficient to demonstrate Mitchell's actual possession of the synthetic marijuana.

## Issue Two: Fundamental Error

[12] Mitchell next asserts that the trial court erred when it permitted the officers to testify that Mitchell had said to them, in the hotel lobby, that she had ingested synthetic marijuana on November 8, 2016. In particular, Mitchell asserts that the trial court erred because those statements were made while she was subject to a custodial interrogation, yet the officers had not Mirandized her pursuant to that purported interrogation.[2]

[13] Mitchell did not object in the trial court to the admission of her statements under the theory she now raises on appeal. As such, to demonstrate error on

---

[2] Mitchell also asserts that the trial court erred when it permitted the evidence seized from the stroller as a search incident to her arrest. However, when the State sought to admit that evidence in the trial court, Mitchell's counsel informed the court that he had "[n]o objection." Tr. Vol. II at 33. Our Supreme Court has held that fundamental error is not available in such circumstances. *Halliburton v. State*, 1 N.E.3d 670, 678-79 (Ind. 2013). As such, we do not consider this argument on appeal.

appeal, she must show that the alleged error was a fundamental error. To show a fundamental error, Mitchell must "show that the trial court should have raised the issue *sua sponte* due to a blatant violation of basic and elementary principles, undeniable harm or potential for harm, and prejudice that makes a fair trial impossible." *Taylor*, 86 N.E.3d at 162.

[14] However, Mitchell does not discuss the fundamental-error standard of review in her brief on appeal, and she does not relate her evidentiary challenge to that standard. As such, she does not demonstrate how the purported evidentiary error she now raises meets the high burden of having made a fair trial impossible. *See* Ind. Appellate Rule 46(A)(8)(a). She also does not cite any authority for her apparent position that the trial court should have raised this evidentiary issue *sua sponte* despite the silence of Mitchell's counsel with respect to the theory Mitchell now raises on appeal. *See id.* Although claims of fundamental error may be raised for the first time on appeal, it remains the appellant's burden to persuade this Court that such error occurred. We conclude that Mitchell has not met that burden.

### Issue Three: Double Jeopardy

[15] We next consider Mitchell's argument that her conviction for neglect of a dependent, as a Level 6 felony, and her conviction for possession of synthetic drug or a synthetic drug lookalike substance, as a Class A misdemeanor, violate the actual-evidence test under Article 1, Section 14 of the Indiana Constitution. We review alleged double jeopardy violations *de novo*. *Ellis v. State*, 29 N.E.3d 792, 797 (Ind. Ct. App. 2015), *trans. denied*.

Article 1, Section 14 of the Indiana Constitution prohibits double jeopardy, providing that "[n]o person shall be put in jeopardy twice for the same offense." As the Indiana Supreme Court has explained:

> In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)[,] this Court concluded that two or more offenses are the same offense in violation of article 1, section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. *Id.* at 53. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* *The actual evidence test is applied to all the elements of both offenses. "In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense."* Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002).
>
> Our precedents "instruct that a 'reasonable possibility' that the jury used the same facts to reach two convictions requires substantially more than a logical possibility." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008) (citing cases). The reasonable possibility standard "fairly implements the protections of the Indiana Double Jeopardy Clause and also permits convictions for multiple offenses committed in a protracted criminal episode when the case is prosecuted in a manner that insures that multiple guilty verdicts are not based on the same evidentiary facts." *Richardson*, 717 N.E.2d at 53 n.46. *The existence of a*

> *"'reasonable possibility' turns on a practical assessment of whether the [fact finder] may have latched on to exactly the same facts for both convictions."* *Lee*, 892 N.E.2d at 1236. We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel. *Id.* at 1234.

*Garrett v. State*, 992 N.E.2d 710, 719-20 (Ind. 2013) (emphases added; last alteration original). Thus, under *Spivey*, in order for there to be a double jeopardy violation under the actual-evidence test, the evidentiary footprint for all the elements required to prove one offense must be the same evidentiary footprint as that required to prove all the elements of another offense. *Berg v. State*, 45 N.E.3d 506, 510 (Ind. Ct. App. 2015).

[17] Mitchell's two convictions do not violate the actual-evidence test. Her conviction for neglect of a dependent required, among other things, proof that Mitchell had "the care of a dependent." *See* Ind. Code § 35-46-1-4(a) (2016). Mitchell's conviction for possession of a synthetic drug or a synthetic drug lookalike substance required no such evidence. *See* I.C. § 35-48-4-11.5(c). Accordingly, Mitchell's two convictions are not contrary to the actual-evidence test. *See Berg*, 45 N.E.3d at 510.

[18] Still, while Mitchell does not clearly set this theory out in her brief, in substance her double-jeopardy argument appears to be that her possession conviction was a factually lesser-included offense to her neglect conviction. Insofar as this was Mitchell's intended double-jeopardy theory, we reject it. The factual predicate

for her neglect conviction was her impairment, not her possession of the contraband. Thus, there is no double jeopardy violation here.

### Issue Four: Indiana Appellate Rule 7(B)

[19] Finally, Mitchell asserts that her three-year aggregate sentence, with 180 days to be served in the Tippecanoe County Jail and the remaining two and one-half years to be served on home detention, is inappropriate in light of the nature of the offenses and her character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has frequently recognized that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *See, e.g.*, *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), *as amended* (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[20] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should

receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[21] Mitchell's argument that her sentence is inappropriate with respect to the nature of the offenses is that the State presented insufficient evidence of her offenses, that the trial court improperly admitted her admission and the synthetic marijuana against her, and that the same evidence was used to convict her of both offenses. As explained above, we have already rejected those arguments. Mitchell also notes that the child was not injured by her actions and is now in the care of the child's biological father. Regarding her character, Mitchell states: she has a GED, she has mental illnesses, she has sought mental health counseling and substance abuse treatment, she does not have a felony conviction, and she is trying to be more responsible with respect to her child

and others.  She also states that she is "not the worst of the worst."  Appellant's Br. at 21.[3]

[22]  We cannot say that Mitchell's three-year aggregate term, with 180 days executed and the remainder to be served on home detention, is inappropriate. Mitchell's offenses put a two-month-old infant in unsafe circumstances.  She also possessed synthetic marijuana in close proximity to that infant.  Further, Mitchell's character, which includes some criminal history and extensive substance abuse, does not warrant this Court's intervention in the carefully tailored sentence imposed by the trial court.  We affirm Mitchell's sentence.

## Conclusion

[23]  In sum, we affirm Mitchell's convictions and sentence.

[24]  Affirmed.

Mathias, J., and Barnes, J., concur.

---

[3] Mitchell further states that her "conduct was a part of the same criminal episode" and, as such, "should have ran [sic] concurrently instead of consecutively."  Appellant's Br. at 22.  This passing statement in Mitchell's brief is not an argument supported by cogent reasoning, and we do not consider it.  App. R. 46(A)(8)(a).