## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2019, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tracy Perry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 7, 2019

Court of Appeals Case No.
18A-CR-2473

Appeal from the Marion Superior Court

The Honorable Amy Jones, Judge

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G08-1807-CM-23772

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Tracy Perry (Perry), appeals his conviction for Count I, battery, as a Class A misdemeanor, Ind. Code § 35-42-2-1(c)(1); and Count II, criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a).

We reverse and remand.

# ISSUE

Perry presents this court with one issue on appeal, which we restate as: Whether Perry's conviction for battery and criminal mischief violated his right to be free from double jeopardy under the Indiana Constitution.

# FACTS AND PROCEDURAL HISTORY

On the morning of July 21, 2018, Perry walked to John Crump's (Crump)residence to ask to borrow Crump's cell phone. Crump obliged and Perry walked back to his own house with the cell phone. After about twenty to thirty minutes, Crump realized that Perry had yet to return his cell phone. Crump asked his friend, Royce Boss (Boss), who was staying with him, to accompany him to Perry's house to get his cell phone back. Crump wanted help to get his phone because he believed Perry to be intoxicated and "it kind of scared" Crump. (Transcript p. 8).

Crump and Boss met Perry in the alley between the two houses. Perry approached Crump until he was about an arm's length away. Perry "brought the phone out to the alley and then hit [Crump] with the phone." (Tr. p. 4).

Although the phone already had a small crack in it before Perry borrowed it, "the whole phone got smashed" "when it hit [Crump's] face." (Tr. pp. 4, 5). Perry took the phone "with his hand and he just went –smashed it into [Crump's] face." (Tr. p. 12). There was no toss. The phone "left [Perry's] hand after he dropped it after he hit [Crump] in the face." (Tr. p. 12). Perry's action left a visible mark on Crump's face and caused damage to the cell phone, such that it was no longer possible to see numbers or text clearly on the screen.

[6] Crump called 911, and shortly thereafter Officer Charles Hudson (Officer Hudson) of the Indianapolis Metropolitan Police Department arrived. Officer Hudson observed the marks and redness on Crump's face, as well as the damage to Crump's cell phone. After speaking with Crump, Officer Hudson spoke with Perry at his house. Perry appeared intoxicated: he slurred his speech, his eyes were glossy, and the smell of alcohol emanated from his breath.

[7] On July 22, 2018, the State filed an Information, charging Perry with Count I, battery, as a Class A misdemeanor, and Count II, criminal mischief, as a Class B misdemeanor. On September 14, 2018, the trial court conducted a bench trial, at the close of which it found Perry guilty as charged and sentenced him to 112 days in the Marion County Jail on each Count, with both Counts to run concurrently, and restitution in the amount of $90.

[8] Perry now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] Perry contends that the trial court's conviction of both charges—battery and criminal mischief—violated the very same act test under Indiana's double jeopardy clause as both crimes were based on the same, single act of hitting Crump's face with a cell phone.

[10] Article 1, Section 14, of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Our supreme court has interpreted that clause to prohibit multiple convictions based on the same "actual evidence used to convict." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). To determine the actual evidence used to establish a conviction, we look to the "evidentiary facts" as they relate to "all" of the elements of both offenses. *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). In other words, the actual evidence test requires "the evidentiary footprint for all the elements required to prove an offense to be "the same evidentiary footprint as that required to prove all the elements of another offense." *Thrash v. State*, 88 N.E.3d 198, 208 (Ind. Ct. App. 2017) (quoting *Berg v. State*, 45 N.E.3d 506, 510 (Ind. Ct. App. 2015)).

[11] However, in addition to the constitutional test prescribed by *Richardson*, the Indiana Supreme Court has "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy[] but are not governed by the constitutional test set forth in *Richardson*." *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). Our supreme court has concluded that in Indiana the very same act test is a test apart from the actual evidence

test. *Id.* As such, the very same act test applies when the defendant's "behavior" underlying one offense is "coextensive with the behavior . . . necessary to establish an element of" another offense. *Taylor v. State*, 101 N.E.3d 865, 872 (Ind. Ct. App. 2018), *reh'g denied*; *Bradley v. State*, 113 N.E.3d 742, 752 (Ind. Ct. App. 2018), *reh'g denied*.

[12] We must conclude that Perry's convictions are in violation of the same act test under Indiana's double jeopardy clause, as there is a "reasonable possibility" that the behavior underlying Count I was coextensive with the behavior underlying his conviction for Count II. *Bradley*, 113 N.E.3d at 752. A "reasonable possibility" turns on a practical assessment of whether the jury may have latched on to exactly the same facts for both convictions. *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). In determining the facts used by the jury to establish the elements of each offense, we consider the charging information, jury instructions, and arguments of counsel. *Id.* at 1234.

[13] While the jury instructions are not included in the record, the charging information does not specifically identify an act on which to base the separate Counts. In closing argument, the State argued that Perry and Crump had an incident in the alley, "Crump gets hit in the face with it, the phone falls, it breaks." (Tr. p. 36). However, although the State presented an argument based on two separate acts—a hit in the face and a dropped phone—Crump himself never testified to this. Crump unequivocally stated that "the whole phone got smashed" "when it hit [his] face." (Tr. pp. 4, 5). Perry took the phone "with his hand and he just went –smashed it into [Crump's] face." (Tr. p. 12).

During questioning, the State even clarified with Crump that "[a]fter [Perry] hit you in the face with the phone, was there damage to the phone?" to which Crump replied affirmatively. (Tr. p. 4). As there is a reasonable probability that the same behavior—hitting Crump in the face with the cell phone—formed the factual bases for Count I and Count II, Perry's convictions for the very same act violate Indiana's double jeopardy protections. Accordingly, we vacate[1] Perry's conviction for Count II, criminal mischief,[2] and remand to the trial court for further proceedings in accordance with this opinion.

# CONCLUSION

Based on the foregoing, we hold that Perry's double jeopardy protection under the Indiana Constitution was violated, and we vacate his conviction for criminal mischief.

Reversed and remanded.

Kirsch, J. and Robb, J. concur

---

[1] Pursuant to *Richardson v. State*, 717 N.E.2d 32, 54 (Ind. 1999), the appropriate remedy for a double jeopardy violation is to reduce either conviction to a less serious form of the offense if so doing will eliminate the double jeopardy violation; if not, the conviction with the less severe penal consequences must be vacated. As both convictions are based on the same behavior, our only option is to vacate Count II.

[2] Perry concedes that vacating Count II does not affect the restitution order of $90 for the damage to Crump's cell phone as I.C. § 35-50-5-3 provides that a restitution order may be based on "property damages of the victim incurred as a result of the crime." The State presented sufficient evidence that the phone was damaged as a result of the battery in Count I.